UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| GRAPHIC COMMUNICATIONS CONFERENCE OF THE INTERNATIONAL BROTHERHOOD OF TEAMSTERS NATIONAL PENSION FUND; GEORGE TEDESCHI, TRUSTEE; AND MALCOM PRITZKER, TRUSTEE, | Case No. 16-cv-10562 |
| Plaintiffs, | UNITED STATES DISTRICT COURT JUDGE GERSHWIN A. DRAIN |
| v. | UNITED STATES MAGISTRATE JUDGE DAVID R. GRAND |
| ADGRAVERS, INC., | |
| Defendant. | |

**OPINION AND ORDER GRANTING PLAINTIFFS' MOTION FOR ATTORNEY FEES [15]**

**Introduction**

This is an Employee Retirement Income Security Act of 1974 (ERISA) action. Plaintiffs represent a pension fund and seek to collect delinquent withdrawal liability payments from the Defendant. ECF No. 1 at 1 (Pg. ID 1). On September 2, 2016, the Clerk of Court entered default judgement against the Defendant in the amount of $177,072.48. ECF No. 13. Presently before the Court is Plaintiffs' Post-Judgment Motion for Attorney Fees. ECF No. 15 at 2 (Pg. ID 156). Plaintiffs seek a total of $16,251.00 in fees. For reasons discussed below, the Court will **GRANT** Plaintiffs' Motion for Attorney Fees [15].

-1-

**Factual Allegations**

The Plaintiffs, Graphic Communications Conference of the International Brotherhood of Teamsters National Pension Fund (hereinafter "the Fund"), George Tedeschi, and Malcom Pritzker bring this action against the Defendant, Adgravers, Inc. (hereinafter "Adgravers"). ECF No. 1 at 2. Mr. Tedeschi and Mr. Pritzker are Co-Chairmen of the Board of Trustees of the Fund. *Id.* Adgravers is engaged in the business of commercial printing in Detroit Michigan. *Id.* at 3.

According to the Plaintiffs, the Fund is funded by contributions and investment income from various employers in accordance with negotiated collective bargaining agreements. *Id.* The Fund holds all contributions for the exclusive purpose of providing pension and disability benefits and paying Administrative expenses. *Id.* Adgravers participates in the Fund in accordance with a series of collective bargaining agreements. *Id.* at 3–4.

Plaintiffs claim that pursuant to 29 U.S.C. §§ 1382, 1385, and 1399, "when certain conditions are met, a multiemployer plan must assess withdrawal liability to each participating employer that has a partial withdrawal from the Fund." *Id.* at 4. According to Plaintiffs, withdrawal liability was assessed against Adgravers because of a 70-percent contribution decline. *See* 29 U.S.C. § 1385. *Id.* In accordance with 29 U.S.C. § 1399(b), the Fund notified Adgravers of the assessed withdrawal liability in the amount of $166,097.53. *Id.* Adgravers was required to make payments

to satisfy the withdrawal liability. *Id.* From May 2013 to January 2016, Adgravers made intermittent and sometimes untimely payments to the Fund. *Id.* at 4–5. According to the Fund, Adgravers is in default within the meaning 29 U.S.C. §1399(c)(5). *Id.* at 7. As a result of the default, the Fund initiated litigation to recover payment of the outstanding amount plus accrued interest.

On May 4, 2016, Donald Scharg of Bodman PLC filed his appearance on behalf of the Defendant. ECF No. 6. However, neither Mr. Scharg nor any other representative on behalf of the Defendant has responded to the Complaint or Motion for Attorney Fees in this case. On September 2, 2016, the Clerk of Court entered default judgement against the Defendant in the amount of $177,072.48. ECF No. 13. On October 11, 2016, Plaintiffs filed a Motion for Attorney Fees. ECF No. 15.

## **Legal Standard**

"In the United States, parties are ordinarily required to bear their own attorney's fees". *Buckhannon Bd. & Care Home, Inc. v. W. Virginia Dep't of Health & Human Res.*, 532 U.S. 598, 602 (2001). As a general practice, awarding fees to a prevailing party requires "explicit statutory authority." *Id.* "[T]he [ERISA] statute provides that 'the court in its discretion *may* allow a reasonable attorney's fee and costs of action to either party.'" *Foltice v. Guardsman Prod., Inc.*, 98 F.3d 933, 936 (6th Cir. 1996) (emphasis in original) (citing ERISA § 502(g)(1); 29 U.S.C. § 1132(g)(1)). Therefore, the Court has discretion to award attorney fees in this case.

"When exercising the discretion vested in the district court by 29 U.S.C. § 1132(g)(1), [the Sixth Circuit has] said, the district court should consider the following five factors:

> (1) the degree of the opposing party's culpability or bad faith;
> (2) the opposing party's ability to satisfy an award of attorney's fees;
> (3) the deterrent effect of an award on other persons under similar circumstances;
> (4) whether the party requesting fees sought to confer a common benefit on all participants and beneficiaries of an ERISA plan or resolve significant legal questions regarding ERISA; and
> (5) the relative merits of the parties' positions."

*Foltice v. Guardsman Prod., Inc.*, 98 F.3d 933, 936–37 (6th Cir. 1996) (citing *Sec'y of Dep't of Labor v. King*, 775 F.2d 666, 669 (6th Cir. 1985)).

The Sixth Circuit refers to those five factors as the "*King* factors". "The *King* factors are not statutory, of course, and need not be parsed as though they were. The factors simply summarize considerations that have sometimes been deemed significant in other cases-and, as the district court correctly noted in the case at bar, '[t]hese considerations represent a flexible approach; none of them is necessarily dispositive.'" *Id.* Notwithstanding the flexibility of the *King* factors, the Sixth Circuit seems to require full analysis of each of the five factors. *See Gaeth v. Hartford Life Ins. Co.*, 538 F.3d 524, 534 (6th Cir. 2008) (holding that the district court abused its discretion "by failing to fully analyze the *King* factors.").

## **Discussion**

On this record, many of the *King* factors are either unknown or speculative. This case ended with a default judgment. With the exception of filing an attorney appearance, the Defendant has not responded to any pleadings or motions. As a result, the only facts available to the Court are those alleged in the Plaintiffs' nine-page complaint. The limited facts available to the Court make analysis of the *King* factors difficult.

The first *King* factor, Adgravers' culpability, is speculative. This cause of action arose from Adgravers' delinquent payments. The Court could infer some culpability because the Defendant seemed to have begun repayment of the debt owed to the Plaintiffs. However, it is unknown whether the payments are overdue because of bad faith or a mere inability to pay.

Similarly, with regard to the second *King* factor, it is unknown whether Adgravers will be able to satisfy an award of attorney's fees because it is unknown whether Adgravers can pay its other delinquent debts.

The third *King* factor, the deterrent effect that attorney's fee would have, is also speculative. Generally, requiring a defaulting party to pay attorney's fees tends to deter future defaults. However, if the defaulting party lacks the ability to pay, the deterrent effect on other parties in similar situations is tenuous.

The fourth *King* factor, the common benefit, weighs in favor of the Plaintiffs. By seeking deficient payments, the Fund ensures its own financial viability to provide benefits to other participants and beneficiaries.

Fifth, the merits of the parties' positions, weigh in favor of the Plaintiffs. Despite being represented by a Michigan law firm, the Defendant has failed to deny allegations or otherwise defend itself in any way. Therefore the Court is inclined to construe the factual allegations as true.

Analysis of the *King* factors weighs in favor of awarding attorney's fees. However, the analysis does not end there. "[I]n ERISA cases, there is no requirement that the amount of an award of attorneys' fees be proportional to the amount of the underlying award of damages. However, the award of attorneys' fees must be reasonable as determined under the 'lodestar' approach. In applying the lodestar approach, '[t]he most useful starting point ... is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate.' There is a 'strong presumption" that this lodestar figure represents a reasonable fee. However, '[t]he product of reasonable hours times a reasonable rate does not end the inquiry. There remain other considerations that may lead the district court to adjust the fee upward or downward...." *Bldg. Serv. Local 47 Cleaning Contractors Pension Plan v. Grandview Raceway*, 46 F.3d 1392, 1401–02 (6th Cir. 1995).

In this case, Plaintiffs utilize the lodestar approach and seek $16,251.00 for 81.64 hours of work, from three attorneys and three paralegals. Plaintiffs seek $130 per hour for the work of paralegals – which is similar to the market rate in the Eastern District of Michigan. *See Ward v. G. Reynolds Sims & Associates, P.C.*, No. 12-12078, 2014 WL 4798935, at *2 (E.D. Mich. Sept. 26, 2014) (Steeh, J.) ("[I]t is the court's position that $140.00 per hour is a reasonable fee because the plaintiff is saving money by having paralegals perform some of the work."); *Atallah v. Law Office of Timothy E. Baxter, P.C.*, No. 12-CV-11618, 2013 WL 866477, at *2 (E.D. Mich. Mar. 7, 2013) (Rosen, J.) (granting $140.00 per hour for paralegal time). Furthermore, the billing rates for each attorney are reasonable considering the prevailing market rates. For example, Plaintiffs request $275 per hour for Principal Counsel Peter Leff, although Mr. Leff could bill upwards of $500 per hour given his experience. *See* ECF No. 15-8 at 2 (Pg. ID 227). Also, Plaintiffs request $200 per hour for Local Counsel Megan Boeslster – which is below the upper quartile hourly rate, considering her experience. *See* ECF No. 15-6 at 7 (Pg. ID 205). Based on the lodestar approach and the prevailing market rates, the Court finds that the fees requested are reasonable.

## Conclusion

The Court will GRANT Plaintiffs' Motion for Attorney Fees [15] in the amount of $16,251.00.

**SO ORDERED.**

Dated: December 1, 2016                s/Gershwin A. Drain
                                                                GERSHWIN A. DRAIN
                                                                United States District Judge

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on December 1, 2016.

                                                                s/Tanya R. Bankston
                                                                TANYA R. BANKSTON
                                                                Case Manager & Deputy Clerk